UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22738-BLOOM/Otazo-Reyes

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 99.33.195.97,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**THIS CAUSE** is before the Court upon the Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") Motion for Leave to Serve Third Party Subpoena Prior to Rule 26(f) Conference, ECF No. [6] ("Motion"). The Court has carefully reviewed the Motion, the record, and is otherwise fully advised.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [6]**, is **GRANTED**.

2. Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on AT&T Internet Services (hereinafter the "ISP"). *See e.g.*, *Clear Skies Nevada, LLC v. Doe*, No. CV 15-1987-ORL-40TBS, 2015 WL 1293850, at *1 (M.D. Fla. Dec. 3, 2015); *Malibu Media, LLC v. Doe*, No. CV 15-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015).

3. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP

Case No. 21-cv-22738-BLOOM/Otazo-Reyes

address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record